## The People of the State of Illinois, Defendant in Error, v. John Sumwalt, Plaintiff in Error.

### Gen. No. 18,731.

1. AUTOMOBILES—*excessive speed*. In a prosecution for violation of the Motor Vehicle Act, § 10, the question whether defendant drove a car "at a speed greater than was reasonable and proper, having regard to the traffic," etc., or exceeded the rates of speed specified in the statute, is for the jury, or the trial judge when there is no jury.

2. AUTOMOBILES—*speed*. If the rate of speed is found greater than fifteen miles an hour for more than an eighth of a mile in the residence portion of a city, the defendant must be held *prima facie* to have been running at a speed greater than was reasonable or proper.

3. AUTOMOBILES—*excessive speed*. Where a *prima facie* case of violating the Motor Vehicle Act, § 10, is made out, the defendant must overcome the same by evidence or be adjudged guilty.

4. CONTINUANCE—*absence of witnesses*. Where counsel makes affidavit for continuance because of absence of a material witness, and it appears from a letter of witness that he had left on the day before the trial, there is no such showing of diligence to secure his attendance as is necessary to require a continuance.

Error to the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 24, 1913.

CALHOUN, LYFORD & SHEEAN, for plaintiff in error; WILLIAM WARREN DIXON, of counsel.

MACLAY HOYNE, for defendant in error; MALCOLM B. STERRETT, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

The defendant was on July 21, 1912, adjudged guilty by the Municipal Court of Chicago of violating section 10 of the Act of the Legislature of June 10, 1911, regulating the use of motor vehicles.

The question whether he did violate the law by driv-

ing the motor vehicle of which he was the conductor or chauffeur "at a speed greater than was reasonable and proper, having regard to the traffic and the use of the way, or so as to endanger the life or limb or injure the property of any person," was a question of fact for the Judge by whom the cause was tried without a jury. So, also, was the question whether the rate of speed was greater than fifteen miles an hour for more than an eighth of a mile. If the court found the speed was greater than this in the residence portion of the city in which this violation of law was charged, he was obliged to hold that *prima facie* the defendant was "running at a speed greater than was reasonable and proper," etc. It then became a question for the court to decide whether the defendant overcame by evidence this *prima facie* case.

We do not see any reason from the evidence to overrule the decision of the court below on these questions.

The principal proposition argued here by the defendant is that the cause should have been continued on the affidavit of counsel for defendant that a material witness was unable to attend, who would have sworn to certain matters set out in a letter appended to the affidavit.

The witness, according to the affidavit made on July 25, 1912, the date of the trial, had left this country on his vacation. But the letter of the witness is dated Chicago, July 24, 1912, and he probably did not leave until that date. There was no such showing of diligence to secure the attendance of the witness as was necessary to make it sufficient to require a continuance, and it failed in other particulars as well to meet the statutory requirement.

The judgment of the Municipal Court is affirmed.

*Affirmed.*